UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CHRISTY DENISE MILLER,**

    **Plaintiff,**

v.                                                                                              **CIVIL ACTION 2:16-cv-12370**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is a complaint filed on December 20, 2016, by Christy Denise Miller, Claimant (ECF No. 2). On March 13, 2017, Defendant filed an Answer to the Complaint (ECF No. 7). Claimant did not file a Motion in Support of Judgement on the Pleadings and Defendant did not file a Brief in Support of the Defendant's Decision; therefore, the Proposed Findings and Recommendation will be made on the merits of the case.

On August 2, 2012, Claimant filed a Title II application for disability and disability insurance benefits (DIB) alleging disability beginning January 24, 2012. The Claim was denied initially on December 10, 2012, and again upon reconsideration on December 4, 2013. On January 31, 2014, Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ).

On June 25, 2015, an ALJ held a video hearing. Claimant appeared in Logan, West Virginia and the ALJ presided over the hearing from Charleston, West Virginia. On July 21, 2015, the ALJ denied Claimant's application for disability (Tr. at 10-25). On August 6, 2015, Claimant filed a request for review by the Appeals Council (AC) (Tr. at 6). On October 21, 2016, the AC denied Claimant's request for review (Tr. at 1-5). The AC stated "We found no reason under our

rules to review the Administrative Law Judge's decision" and "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council" (Tr. at 1-2).  The Order of Appeals Council dated October 21, 2016 (Tr. at 5), made the following additional evidence part of the record:

| | |
|---|---|
| Exhibit 12E | Representative Brief, September 21, 2015 (4 pages) . |
| Exhibit 13F | Attorney/Representative Supplied Evidence, Dolores D. Santamaria, M.D., July 25, 2014- August 31, 2015 (54 pages) |

On December 20, 2016, Claimant filed a complaint before the District Court.

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2016).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded

benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of January 24, 2012, and meets the insured status requirements through June 30, 2017 (Tr. at 12). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of degenerative disc disease of the spine with a herniated disc of the lumbar spine status post laminectomy with history of cauda equine syndrome and obesity. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 15). The ALJ then found that Claimant has a residual functional capacity to perform work at the light exertional level except she should only occasionally balance, stoop, kneel, crouch, crawl and climb ramps, stairs, ladders, ropes or scaffolds (Tr. at 16-17). Claimant should avoid concentrated exposure to extreme cold, extreme heat, excessive vibration and pulmonary irritants such as fumes, odors, dusts, gases and poorly

ventilated areas. Lastly, the ALJ found that Claimant should avoid concentrated exposure to hazards including use of moving machinery and exposure to unprotected heights (Tr. at 17). The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 24). The ALJ held that Claimant could perform the requirements of representative occupations such as: a non-postal mail clerk; a clerical assistant; and a merchandise marker (Tr. at 25) On this basis, benefits were denied. (*Id.*)

### Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was born on December 4, 1975 (Tr. at 38). Claimant is married with one child. The child is 18 years old and lives with Claimant (Tr. at 39). Claimant has her driver's license (Tr. at 40). Claimant has a high school education (Tr. at 41).

### Medical Background

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss the evidence relevant to this Proposed Findings and Recommendations to REMAND the final decision of the Commissioner.

### Claimant's Challenges to the Commissioner's Decision

Claimant did not file a Motion in Support of Judgement on the Pleadings and Defendant did not file a Brief in Support of the Defendant's Decision in this matter to this Court.

### Additional Evidence Submitted to the Appeals Council

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence

to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

<u>Migraines</u>

To meet a listing impairment, medical records must demonstrate a specific level of severity. If you meet a listing, you will be found disabled. Your condition must be severe and meet specific criteria developed by the SSA. Some conditions are not specially listed by the SSA, but you may still have a condition so severe that it "equals" a condition contemplated by the SSA rules.

Migraines are often evaluated under Listing Impairment 11.03. This listing covers non-convulsive seizures; however, the effects of a non-convulsive seizure can be very similar to a migraine. In order to show you have migraines that are so severe as to "equal the listing impairment," you must have a well-documented description of your migraines including any symptoms you experience (e.g. nausea, vomiting, photophobia, phonophobia, aura). Additionally you must demonstrate that your migraines happen at least once weekly, despite following

prescribed treatment for at least three months. Finally your migraines must cause an alteration of awareness and residual manifestations of unconventional behavior or significant interference with activity during the day. For example, a migraine that precludes you from leaving your bedroom or results in severe fatigue after it has passed might equal the requirements established in Listing 11.03.

In the present matter, the ALJ's Decision dated July 21, 2015, held that although Claimant's medical record documents a history of headaches, the impairment of headaches is non-severe (Tr. at 13). Although this evidence does not require a finding that Claimant's headaches medically equaled listing 11.03, the ALJ's failure to discuss Claimant's alleged headache symptoms in the context of the listings precludes meaningful judicial review of this issue and requires remand.

### Exhibit 13F

Exhibit 13F was submitted to the Appeals Council (AC) after the ALJ entered the decision denying Claimant's application for disability. Claimant submitted approximately 50 pages of medical records from her treating physician Dolores Santamaria, M.D., regarding Claimant's treatment from July 25, 2014, to August 31, 2015 (ECF No. 706-756). Dr. Santamaria treated Claimant for chronic migraines. Dr. Santamaria's office notes reflect Claimant was seen "for the weekly treatment of chronic migraine with nerve block injections. [P]ain is spreading to the neck and shoulders. Patient is here for the trigger point injections as well" (Tr. at 706, 709, 711, 713, 715, 718, 720, 723, 725, 727, 729, 731, 733, 735, 737, 739, 741, 744, 747).

### Discussion

The Appeals Council must consider "new and material evidence" presented after the ALJ's decision "where it relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b). "If qualifying new evidence is presented, the Appeals Council

must evaluate the entire record, including the new evidence. If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand the case to the ALJ." *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. §§ 404.970(b) and 404.979 (1999)).

This Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991). Although new evidence of the nature submitted by Claimant to the Appeals Council must "relate to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. §§ 404.970(b) and 416.1470(b), "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." *Reichard v. Barnhart*, 285 F. Supp.2d 728, 733 (S.D. W. Va. 2003); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability").

Regarding the requirement of 42 U.S.C. § 405(g) that the claimant show good cause for not submitting the evidence earlier, that provision should be interpreted as applying to evidence first submitted to the district court, not to evidence that was submitted to the Commissioner during the administrative proceedings. As the Fourth Circuit stated, there is no requirement that a claimant show good cause in seeking to present new evidence to the Appeals Council. *Wilkins v. Secretary, Dep't of HHS,* 953 F.2d 93, 96 n. 3 (4th Cir. 1991). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the

additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

The new evidence entered into the record by the Appeals Council, demonstrates that the Claimant experienced chronic headaches and received weekly treatment of nerve block injections. There is a reasonable possibility that these treatment notes could have affected the outcome in the ALJ's order. At the very least, these documents may have changed whether the ALJ found Claimant's headaches severe enough to affect Claimant's ability to work.

## Conclusion

This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The additional records, marked as Exhibit 13F, were admitted into evidence by the Appeals Council. The undersigned respectfully recommends that the District Judge find that the additional evidence admitted by the Appeals Council is new and material. As the new evidence was submitted to the AC, good cause is not required. A portion of the contents of the newly admitted evidence addresses Claimant's continued complaints and treatment for migraine headaches. As such, the undersigned suggests that the District Judge find that there is a reasonable possibility that the newly admitted evidence could have changed the outcome of the ALJ's decision. Therefore, the ALJ's decision is not supported by substantial evidence as the ALJ has not reviewed the record as a whole. This Court makes no recommendation as to Claimant's remaining arguments. These issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REMAND** the final decision of the Commissioner for further consideration under sentence four of 42 U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 2, 2018

Dwane L. Tinsley
United States Magistrate Judge